No. ——

First Circuit

## BATON ROUGE ELECTRICAL & MACHINE WORKS v. ROUMAIN

(December 7, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on a matter of fact, namely: that the work was satisfactorily performed, being clearly correct, is affirmed.

Appeal from the Nineteenth Judicial District Court of Louisiana, Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by the Baton Rouge Electrical & Machine Works against J. K. Roumain.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Charles A. Holcombe, of Baton Rouge, Sachse & Darsey, of Baton Rouge, attorneys for plaintiff, appellee.

Cross & Moyse, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. Plaintiff sues upon an open account for services rendered to defend-

ant, in the sum of one hundred and eighty-two 75-100 dollars, composed of three items, viz: $101.25 of date December 4, 1922, $12.00 of date March 3, 1925, and $69.00 of date April 4, 1925.

Defendant in substance pleads that while the work charged by plaintiff as of date December 4, 1922, may have been done by plaintiff's workmen, it proved ineffective for having been done in an unworkmanlike manner and that no bill was rendered for same, and that the work was so faulty and unworkmanlike that the time of the workmen employed on this job was paid or reimbursed to plaintiff by the Electrical Workers' Local Union No. 995 of Baton Rouge. Respondent further pleaded that he paid to plaintiff all bills which it presented to him and which at that time it was entitled to charge against him.

Respondent further denied owing plaintiff for the items of March 3, and April 4, 1925. Respondent further pleaded that on March 27, 1925, he paid plaintiff by check, the sum of four hundred and fifty-one 40-100 dollars in satisfaction of all claims and demands by plaintiff.

Upon these issues the case was tried in the District Court and from a judgment in favor of plaintiff, defendant has taken the present appeal.

The evidence shows that defendant owns an office building in the City of Baton Rouge, which is provided with two elevators. That previous to the summer of 1925, plaintiff had, for some time, frequently been engaged to perform work on the electrical equipment of the two elevators. The evidence further leaves no doubt that the services charged for in the three separate items of plaintiff's account, were in fact rendered. The defense of faultiness or defectiveness of the work, pleaded by defendant is not shown, and the only circumstance giving rise to a presumption that the work charged for under date of December 4, 1923, may have been defective, is that other services rendered at a subsequent date, were settled for by defendant and payment accepted by plaintiff.

On March 27, 1925, defendant paid plaintiff by check, the sum of four hundred and fifty-one 40-100 dollars. The check was offered and filed in evidence and shows on its margin the following typewritten words: "Account in full to date". Plaintiff's witnesses swear that these words were not on the check when received by it, but defendant and his clerk testify to the contrary. As a matter of fact, the item of December 4, 1922, was not included in the account for which the check was drawn in payment. Hence the presumption which may arise that the labor performed as of date December 4, 1922, was defective and not charged or chargeable to defendant. It matters little whether the typewritten words on the margin of the check, were placed on it before being handed to plaintiff or after being returned by the bank to the defendant, as they would not estop plaintiff from suing for this item, but merely could form the basis for the presumption stated, if placed thereon at the time claimed by defendant. But plaintiff shows that the item of December 4, 1922, was disputed by defendant. There is no doubt that a bill was rendered to defendant for its amount, $101.25, notwithstanding defendant's plea to the contrary, and that plaintiff never was paid this amount, although defendant was well aware of it. The work consisted of temporary repairs in order that one of the elevators could be kept in service and the testimony shows that the work was done,

and that it served the purpose for which it was intended. It is satisfactorily shown that plaintiff believed that the disputed item would be adjusted and did not insist on its payment when it received the check for $451.40.

The correctness of items two and three is equally well established. Item two of March 4, 1925, had not yet been reported to plaintiff's bookkeeper when the account of $451.40 was made up, and the service under item three was only performed after the payment by check was made on March 27, 1925.

The defenses in this case seem to be somewhat inconsistent. The trial judge must have so considered them and we see no reason to reverse his finding.